UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **W.D. HENTON,** | ) | CASE NO. 1:18 CV 2763 |
| | ) | |
| **Plaintiff,** | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| **GARY MOHR,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

*Pro se* plaintiff W.D. Henton, a state prisoner incarcerated in the Belmont Correctional Institution (BCI), has filed this civil rights action pursuant to 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction Director Gary Mohr. (Doc. No. 1.)

He alleges that since he arrived in BCI in March 2014, he has not received "proper treatment" in connection with a "twenty feet fall" he experienced while previously incarcerated in the Lorain Correctional Institution. (Doc. No. 1 at 1.) He indicates he was instructed to use over the counter pain relief after this fall, but that such over the counter medication has not been effective in alleviating his pain. He alleges he still has "limited mobility and [that] aches and pain are a daily occurrence." (*Id*. at 4.) He alleges "Director Mohr instructed via computer system that [he] was not to be treated with [anything] but over the counter medication," even though over counter products recommend that a user seek medical assistance after ten days of use, as the plaintiff indicates he has done. (*Id*.) The plaintiff asks the Court to grant him

additional, unspecified "Surgical and Medical treatment" for his pain, as well as "one point eight million dollars" in damages. (*Id*. at 6.) With his complaint, he has filed a "Motion for Legal Representation." (Doc. No. 4.) For the reasons stated below, the plaintiff's motion for legal representation is denied and his complaint against Director Mohr is dismissed.

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required, under 28 U.S.C. § 1915A, to review any complaint in which a prisoner seeks redress from an officer or employee of a governmental entity, and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See* 28 U.S.C. §1915 A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915A).

Even according the plaintiff's complaint the deference to which a *pro se* plaintiff is entitled, the Court finds that it fails to state a plausible claim under § 1983 against Director Mohr. Failure to provide adequate medical treatment to a prisoner violates the Eighth Amendment's prohibition against cruel and unusual punishment when it results from a prison official's "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A deliberate indifference claim requires a prisoner to show both

objective and subjective components. He must show that he has a "serious" medical need or condition, and, that the prison official in question acted with subjective "deliberate indifference" to that risk. *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014), citing *Estelle*, 429 U.S. at 106. Deliberate indifference requires more than negligence, and more than medical malpractice. *Id.* "It requires something akin to criminal recklessness: The defendant must 'know that inmates face a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it.'" *Id.,* citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). To satisfy the subjective component of a claim, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001), citing *Farmer*, 511 U.S. at 837. *See also Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (to prove the subjective element, a plaintiff must show that the prison official in question "(1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk.").

The plaintiff's allegations do not reasonably suggest that Director Mohr had the requisite subjective state of mind necessary to demonstrate constitutional deliberate indifference, *i.e.*, the plaintiff has not alleged facts providing a reasonable basis to infer that Director Mohr subjectively perceived a serious risk to the plaintiff, or that he drew an inference that the plaintiff would suffer serious harm using over the counter pain medication recommended for him. Although the plaintiff is dissatisfied with the institution's decision to respond to his pain only with over the counter medications and wants more to be done for him, it is well established

that a prisoner's disagreement with the level of treatment he receives does not rise to the level of a constitutional violation. *See Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008); *see also Moses v. Coble*, 23 F. App'x 391, 392, 2001 WL 1450705, at *1 (6th Cir. 2001) (a complaint reflecting that prisoner was dissatisfied with the decision of prison doctor and nurses to respond to his back pain with over the counter medications did not implicate Eighth Amendment concerns).

**Conclusion**

Accordingly, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A. The plaintiff's motion for legal representation is denied. Appointment of counsel is justified in civil cases only in exceptional circumstances, which the Court does not find here. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are "extremely slim"). Pursuant to 28 U.S.C. §1915(a)(3), the Court further certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Dan Aaron Polster
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE